UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ATWATER, et al.,<br><br>Defendants. | No. 1:19-cv-00237-DAD-SAB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 27) |

This matter came before the court on defendants' motion to dismiss for failure to state a claim. (Doc. No. 27.) A hearing on the motion was held on December 17, 2019. Attorney Kerry Margason appeared telephonically on behalf of plaintiffs. Attorney Bruce Praet appeared telephonically on behalf of defendants. Having reviewed the parties' briefing and heard oral argument, and for the reasons set forth below, the court grants defendants' motion to dismiss.

This action is the latest in a string of actions that plaintiffs Lori and Richard Johnson (collectively, "plaintiffs") have filed against the City of Atwater and its officials.[1] On January 18, 2019, plaintiffs filed this action in the Merced County Superior Court. (Doc. No. 1, Ex. 1.) Defendants removed to this court on February 19, 2019, (Doc. No. 1), and filed a motion to dismiss plaintiffs' complaint on March 11, 2019. (Doc. No. 4.) Plaintiffs filed a motion to

---

[1] *See Johnson v. City of Atwater* ("*Johnson I*"), no. 1:16-cv-01636-AWI-SAB (E.D. Cal.); *Johnson v. City of Atwater* ("*Johnson II*"), no. 1:18-cv-00920-DAD-SAB (E.D. Cal.).

1

remand on May 18, 2019.  (Doc. No. 5.)  Subsequently, the parties stipulated that plaintiff would have an extension of time until May 9, 2019 to respond to the motion to dismiss.  (Doc. No. 11.)

On May 9, 2019, plaintiffs filed a first amended complaint, a motion for leave to file an amended complaint, and a notice of withdrawal of their motion to remand.  (Doc. No. 13.)  On May 13, 2019, the motion to dismiss and motion for leave to file an amended complaint were referred to the assigned magistrate judge.  (Doc. No. 16.)  The assigned magistrate judge issued findings and recommendations recommending (1) granting defendants' motion to dismiss plaintiffs' complaint, (2) granting plaintiffs' motion for leave to file an amended complaint, and (3) disregarding plaintiffs' first amended complaint ("FAC") and ordering plaintiffs to file a FAC addressing the identified deficiencies.  (Doc. No. 21 at 27.)  Plaintiffs filed a subsequent FAC on September 25, 2019.  (Doc. No. 26.)  The FAC comprises two causes of action:  (1) unlawful and unreasonable search of a private property in violation of the Fourth Amendment and California Constitution; and (2) unreasonable and unlawful seizure of private property in violation of the Fourth Amendment and California Constitution.  Defendants filed this motion to dismiss on November 8, 2019.  (Doc. No. 27.)

On December 11, 2019, plaintiffs filed a statement of non-opposition to the pending motion to dismiss.[2]  (Doc. No. 29.)  The court asked plaintiffs' counsel at the hearing on the motion whether plaintiffs opposed the court granting defendants' motion to dismiss, and whether plaintiffs sought leave to amend.  Plaintiffs' counsel informed the court that plaintiffs did not oppose the granting of defendants' motion to dismiss with prejudice and without leave to amend

/////

/////

---

[2] Pursuant to Local Rule 230, plaintiffs' opposition or non-opposition to defendants' motion to dismiss was due December 3, 2019.  On December 6, 2019, the court staff contacted plaintiffs' counsel inquiring whether counsel intended to file an opposition to the pending motion and noting that any untimely filings should be accompanied by a stipulation of the parties or, if one was unavailable, an ex parte application to extend or shorten time.  Plaintiffs' counsel replied on December 9, 2019, representing that an opposition would be filed by end of the day without explaining the delay in doing so.  Nonetheless, on December 11, 2019, plaintiffs filed a notice of non-opposition to defendants' motion to dismiss dated December 9, 2019.  (Doc. No. 29.)

because they no longer wished to pursue this action.[3]  Accordingly, defendants' motion to dismiss will be granted with prejudice.  *See Hernandez v. Yuba Cmty. Coll. Dist.*, No. S-06-1171 DFL GGH, 2006 WL 2655326, at *1 (E.D. Cal. Sept. 15, 2006) (granting defendants' unopposed motions to dismiss with prejudice).

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss (Doc. No. 27) is granted with prejudice and without leave to amend; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 17, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment.  The court also has the authority to dismiss an action at the plaintiff's request by court order and upon terms the court considers proper.  *Id.*  Here, dismissal on this ground is appropriate as well.

3